UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKEY LEE HARMON,

    Plaintiff,

v.           06-cv-3183

GREGORY LIPE,
LEANNA J. WILLIAMS,
JAMES D. BROOKSHIRE,
BO McCLUSKEY,

    Defendants.

## Case Management Order #1 (Merit Review)

The plaintiff, currently incarcerated in Pontiac Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983 regarding events that occurred during his incarceration in Graham Correctional Center.

The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

In August 2005, Defendant Brookshire fabricated a disciplinary report against the plaintiff because the plaintiff refused to answer Brookshire's questions in an internal investigation arising from an incident between the plaintiff and another inmate. Brookshire intentionally and falsely charged the plaintiff with dangerous disturbance, assault, and impeding an investigation.

Defendant McCluskey intentionally did not serve the report on the plaintiff. The plaintiff had no notice of the report until he was brought before the Adjustment Committee and the report was read to him. The plaintiff told Defendants Lipe and Williams (the Adjustment Committee

1

members) that he had not received notice of the report.  Nevertheless, Lipe and Williams denied the plaintiff's request for a continuance to prepare a defense or and denied his request to call any witnesses on his behalf.  The plaintiff pled not guilty, but Lipe and Williams changed his plea to guilty on the written summary.

The plaintiff was found guilty. He lost one year of good time and spent one year in segregation, along with other punishments.  His discipline was upheld on appeal.  He asks for damages and for a restoration of his good time.

The rule started in the Supreme Court case of *Heck v. Humphrey*, 512 U.S. 477, 484-487 (1994) may well bar these claims in a 42 U.S.C § 1983 action.  Inmates "challeng[ing] the fact or duration of their confinement and seek[ing] immediate or speedier release" must pursue their challenge under the habeas statute (if the challenge can be made at all), not § 1983.  *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000).  This rule "prevents prisoners from making an end-run around the need to challenge the validity or duration of their convictions using the vehicle of habeas corpus, rather than through an action under 42 U.S.C. § 1983 . . . ."  *Jogi v. Voges*, 425 F.3d 367, 385 (7th Cir. 2005), *citing Wilkinson v. Dotson*, 544 U.S. 74 (2005).  Here, the plaintiff asks for restoration of his good time, but the rule applies even if the plaintiff drops that request.[1]

If this § 1983 case is barred by *Heck*, it will have to be dismissed without prejudice (meaning the plaintiff may immediately refile it as a habeas corpus action, but see footnote 1).  Many of the plaintiff's allegations, if true, show that he should should not have lost good time.  Finding in his favor could necessarily imply that his good time should be restored, which would in turn would require his earlier release.  Under *Heck* and progeny, those challenges cannot be made in a § 1983 action.  *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000)(prisoners who want to challenge "administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.")(citations omitted).

---

[1]The court gives no advice on whether the plaintiff should file a habeas corpus action.  That decision must be made by the plaintiff after careful consideration of habeas corpus requirements.  Habeas corpus actions are very different from § 1983 actions and have different consequences. For example, habeas corpus actions have strict time limits and require exhaustion of state remedies.  28 U.S.C. § 2254(b)(1).  Additionally, prisoners are, for the most part, limited to bringing one habeas corpus petition.  *See* Rule 9 governing 28 U.S.C. § 2254 cases; *Pischke v. Litscher*, 178 F.3d at 500.  If the first petition is denied, second or successive petitions are not allowed except under very limited circumstances.  *See* 28 U.S.C. § 2244(b)(2).  Further, to succeed on the merits the plaintiff must show that the state's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Schaff v. Snyder*, 190 F.3d 513 (7th Cir. 1999).

However, the correct application of *Heck* in this case is not beyond doubt. For example, the lack of notice does not necessarily imply the invalidity of the good time revocation. *Clayton-El v. Fisher*, 96 F.3d 236, 243-44 (7th Cir. 1996)(failure to give notice of prison disciplinary hearing immediately cognizable regardless of outcome of disciplinary hearings).[2]

On this record, the court determines only that arguable constitutional claims cannot be ruled out. Further delineation of the plaintiff's claims, if any, must await a more developed record.

IT IS THEREFORE ORDERED:

1) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

2) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.

Entered this <u>26th</u> Day of <u>September</u>, 2006.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] On the other hand, the plaintiff's claims might be so inextricably interwined that *Heck* bars them all. *See Lusz v. Scott*, 126 F.3d 1018, 1023 (7th Cir. 1997).